IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVAN G. FORD ET AL.,

    *Plaintiffs*,

    v.

KARPATHOES, INC. ET AL.,

    *Defendants*.

Civil Action No. ELH-14-00824

**MEMORANDUM**

In March 2014, plaintiffs Evan G. Ford, Zac Trautman, Troy M. Greensfelder, and Maggie Desmond filed suit against their alleged former employers, defendants Karpathoes, Inc., George Sakellis, and Roula Rigopoula Sakellis.  ECF 1 ("Complaint").[1]  They allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and related State-law claims under Maryland's Wage and Hour Law ("MWHL"), Md. Code (2008 Repl. Vol.), § 3-401 *et seq.* of the Labor and Employment Article ("L.E.").[2]  Plaintiffs, who worked either as servers or as a hostess at Fratelli's Italian Restaurant in Hempstead, Maryland, allege that it is owned and operated by defendant Karpathoes, Inc., which in turn is "owned and operated" by the individual defendants.  Second Amended Complaint, ECF 23 ¶¶ 4, 5.

On July 8, 2014, I granted plaintiffs leave to file a second amended complaint.  *See* ECF 22 (Order); ECF 23 ("Second Amended Complaint").  The Second Amended Complaint contains four counts.  Count One alleges that defendants failed to pay plaintiffs the minimum wage

---

[1] Two other plaintiffs named in the Complaint, Dylan Clark and Rafael Coppola, have since been terminated from the case.  *See* ECF 23 (Amended Complaint, removing Clark); ECF 24 (Rule 68 Judgment in favor of Coppola).

[2] Maryland's Wage and Hour Law is the State equivalent to the FLSA.  *Newell v. Runnels*, 407 Md. 578, 649, 649 n.34, 967 A.2d 729, 771, 771 n.34 (2009).

required by FLSA §§ 206 and 203(m).  ECF 23 at 7.  Count Two alleges failure to pay overtime, as required by FLSA § 207.  *Id*.  In Count Three, plaintiffs allege an alternative theory showing failure to pay overtime as required by FLSA § 207.  *Id*. at 7-8.  Count Four asserts failure to pay the minimum wage pursuant to the Maryland Wage and Hour Law, L.E. §§ 3-413, 3-419.  *Id*. at 8.  Plaintiff Desmond has not joined in the overtime counts (Counts Two and Three).  *Id*. at 7-8. Further, plaintiffs assert that defendants George and Roula Sakellis are, in their individual capacities, "employers" within the meaning of FLSA § 203(d) and L.E. § 3-401(b).  *Id*. at 3.

Now pending is defendants' "Motion to Dismiss Plaintiffs' Second Amended Complaint."  ECF 25 ("Motion").  In their Motion, defendants argue that plaintiffs' complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In their memorandum supporting the Motion ("Memo," ECF 25-1), they posit, first, that plaintiffs "have not alleged sufficient facts that would push their claims that Mrs. Sakellis or Mr. Sakellis were their employers from the speculative to the plausible, as required to state a claim under" Supreme Court precedent.  Memo at 7.  Second, they argue that each of plaintiffs' wage claims should be dismissed because plaintiffs have failed to allege facts sufficient to support plausible claims for relief under federal or state law.  Memo at 15-21, 24. Finally, they maintain that plaintiffs' claims should be dismissed as "de minimis," Memo at 21-24, and that plaintiffs have not alleged facts sufficient to support the allegation that defendants acted willfully.  Memo at 24-26.

Plaintiffs have opposed the Motion ("Opposition," ECF 29), and defendants have replied ("Reply," ECF 32).  The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6.  For the reasons that follow, I will deny the Motion.

**Standard of Review**

Defendants' Motion is predicated on Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."   Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).   It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 n.3 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).   *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."   *Johnson v. City of Shelby*, _____ U.S. _____, No. 13-1318, slip op. at 1 (Nov. 10, 2014) (per curiam).  But, the rule demands more than bald accusations or mere speculation.   *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).   To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556.   In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Iqbal*, 556 U.S. at 684; *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

In reviewing a Rule 12(b)(6) a motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir.), *cert. denied*, ––– U.S. ––––, 132 S.Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010). However, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at 555. Moreover, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe*, 579 F.3d at 385–86.

A Rule 12(b)(6) motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citation omitted). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ––– U.S. ––––, 132 S.Ct. 1960 (2012). "'Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted); *accord Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1201–02 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief.").

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quotation marks omitted), unless such a defense can be resolved on the basis of the facts alleged in the complaint. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear [ ] on the face of the complaint,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*).

## Discussion

### 1.

As noted, the individual defendants seek dismissal of all counts against them on the ground that they were not plaintiffs' employers and therefore cannot be liable under the FLSA and the MWHL. Under the FLSA, an employee is defined as "any individual employed by an employer," and an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d), (e). Although the MWHL does not define the term "employee," its definition of "employer" is quite similar to the FLSA definition. L.E. § 3-401(b) provides: "'Employer' includes a person who acts directly or indirectly in the interest of another employer with an employee."

This statutory text indicates that "individuals such as corporate officers may be personally liable under the FLSA if the individual acts 'directly or indirectly in the interest of an employer.'" *Smith v. ABC Training Center of Md., Inc.,* JFM-13-0306, 2013 WL 3984630 (D. Md. Aug. 1, 2013) (quoting *Brock v. Hamad,* 867 F.2d 804, 808 n.6 (4th Cir. 1989)); *see Pearson*

*v. Prof'l 50 States Prot., LLC,* No. 09-3232, 2010 WL 4225533, at *3 (D. Md. Oct. 26, 2010).

More specifically, as defendants correctly observe, "[i]n determining whether an individual is an 'employer' for purposes of the FLSA, courts look to the 'economic realities' of an individual's role within a corporation."   Memo at 6 (citing *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304-05 (4th Cir. 2006) and *Pearson*, 2010 WL 4225533, at *3).   Defendants add: "In analyzing the economic realities, courts look to the totality of the circumstances and consider such things as the individual's job description, [the] individual's financial interest in the enterprise, and whether the individual exercises control over the employment relationship."   Memo at 7 (citing *Pearson*, 2010 WL 4225533, at *3).

Generally, "[w]here an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the [FLSA] and is subject to liability."   *Boucher v. Shaw,* 572 F.3d 1087, 1091 (9th Cir. 2009); s*ee also Haybarger v. Lawrence Cty. Adult Prob. & Parole,* 667 F.3d 408, 418 n.8 (3d Cir. 2012) (explaining "economic reality" test); *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008) (discussing the four-factor "economic reality" test for control with respect to corporate officers); *Harker v. State Use Indus.*, 990 F.2d 131, 133 (4th Cir. 1993) (stating that "a true employer-employee relationship" involves a "'bargained-for exchange of labor' for mutual economic gain") (citation omitted).   Because the MWHL is the state analogue to the FLSA, this same "economic realities" test is used to determine the applicability of that statute.   *Newell v. Runnels*, 407 Md. 528, 650, 967 A.2d 729, 771 (2009); s*ee Iraheta v. Lam Yuen, LLC,* DKC-12-1426, 2012 WL 5995689, at *4 (D. Md. Nov. 9, 2012); *Caseres v. S&R Mgmt. Co.,* AW-12-1358, 2012 WL 5250561, at *4 (D. Md. Oct. 24, 2012).

Notably, under both the FLSA and the MWHL, "employers" may be held jointly and severally liable for employees' unpaid wages.  *See*, *e.g.*, *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."); *accord Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989); *Newell*, 407 Md. at 650, 967 A.2d at 771 (considering FLSA and MWHL claims and stating: "So called 'joint employers' are liable, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including overtime provisions.") (citation omitted).

In support of their allegation that defendants Mr. and Ms. Sakellis (collectively, "Sakellis") were "employers" within the meaning of federal and State wage laws, plaintiffs offer, *inter alia*, the following:

(1) The Sakellis are officers and owners of Karpathoes, Inc., which owns and operates Fratelli's Italian Restaurant.  Second Amended Complaint, ECF 23 ¶ 5, 7.

(1) "Defendant George Sakellis interviewed and hired Plaintiff Ford, and Defendant Roula Sakellis interviewed and hired Plaintiff Desmond."  *Id*. ¶ 7.

(2) "Defendants George Sakellis, and Roula Sakellis have custody and control of business records and are responsible for maintaining those records."  *Id*. ¶ 7.

(3) "Defendant George Sakellis instructed a former manager, Rafael Coppola[,] to fraudulently reduce the hours worked by the servers in processing the payroll."  *Id*. ¶ 14.

(4) "Defendant George Sakellis hired Mr. Rafael Coppola as a manager and agreed to pay him a guaranteed salary of $800/week after taxes."  *Id*. ¶ 15.

(5) "Although Plaintiff Desmond repeatedly spoke with Defendant George Sakellis about being added to the payroll during her employment so she could be paid for her work, Defendant George Sakellis repeatedly put her off.  Following her resignation, Defendant Sakellis wrote Plaintiff Desmond a check for $300.00 … ."  *Id*. ¶ 16.

With regard to Ms. Sakellis, defendants argue:  "Plaintiffs' Complaint does not contain a single specific ***factual*** allegation which would establish that [she] took any action which, if true, could establish employer status under the FLSA or MWHL."  Memo at 9 (emphasis in original). In support of their position, defendants cite two unpublished District of Maryland cases:  *Gadson v. Super Shuttle Int'l*, AW-10-001957, 2011 WL 1231311, at *11 (D. Md. Mar. 30, 2011), *vacated and remanded on other grounds sub nom.*, *Muriithi v. Shuttle Express, Inc.*, 712 F.3d 173 (4th Cir. 2013); *Bouthner v. Cleveland Construction, Inc.*, RDB-11-00244, 2011 WL 2976868, at *8 (D. Md. July 21, 2011).

Both cases are distinguishable on the facts asserted by plaintiffs.  In *Gadson*, plaintiffs' claims were dismissed against the moving defendants.  But, the only fact the plaintiffs asserted regarding those defendants was that they had a "parent-subsidiary" relationship to another defendant-entity that was also alleged to be plaintiffs' employer.  2011 WL 1231311 at *11.  In *Bouthner*, plaintiffs' allegations were similarly thin.  The district judge said:

> Plaintiffs' allegations as to the Individual Defendants are spare, and the entirety of their allegations against the Individual Defendants are essentially as follows: Plaintiffs allege that Kurt Antonio Boyd is president of Servicemax, that Margaret Sherman Boyd is secretary of Servicemax, that Trent is an owner and officer of FAS, and that Smith is president of Chesapeake.  Second Am. Compl. ¶¶ 22, 24, 29, 34.  Plaintiffs also generally contend that the Individual Defendants were "engaged in construction services" and that they "all work or worked directly or indirectly in the interests of CCI by, inter alia, engaging Plaintiffs and similarly situated employees to perform construction services on the Construction Projects."  *Id.* ¶ 38.  Finally, Plaintiffs assert that when their paychecks were rejected, they often directed their requests for payment to Smith.  *Id.* ¶ 76.

With regard to Mr. Sakellis, defendants conclude that he "cannot be exposed to individual liability under either" federal or State law because plaintiffs' complaint "fails to allege the facts necessary to satisfy the 'economic realities' test."  Memo at 14.  They cite a Maryland case, *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 41, 56 A.3d 303, 310-11 (2012),

and two federal cases from New York, *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 01848 (LAP), 2012 WL 3910280, at *3-4 (S.D.N.Y. Sept. 28, 2010), and *Tracy v. NVR*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009).

*Campusano* is not apt here.  In *Campusano*, the case went to trial; it did not involve a motion to dismiss.  *Campusano,* 208 Md. App. at 32, 56 A.3d at 305.  Moreover, in concluding that the individual owner of the LLC was not an employer under the FLSA or Maryland's Wage Payment and Collection Law, the Maryland Court of Special Appeals reasoned:  "Simply stated, managers with no equity interest in the fruits of employee labor should not have to act as insurers of last resort, either to their employers or to the employees that they supervise."  *Id*. at 41, 56 A.3d at 310-11.  In the posture of this case, however, I cannot determine whether or not the individual defendants have "an equity interest in the fruits of employee labor … ."  *Id*.  Thus, even setting aside the different postures of *Campusano* and this case, *Campusano*'s relevance is not clear.

The New York cases are also distinguishable.  *Diaz*, for example, states that the "complaint contains no facts that indicated that [the moving defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records."  2012 WL 3910280 at *4.  Similarly, in *Tracy* the court said:  "Notably, plaintiffs do not allege that they or anyone else were hired by" the moving defendant, and that their "allegations concerning Madigan's level of control, if any, over their work schedules, conditions of employment, and compensation, are even more attenuated."  667 F. Supp. 2d at 247.  In contrast, plaintiffs allege many of the facts found lacking in *Diaz* and *Tracy*.

As discussed, plaintiffs have alleged, *inter alia*, specific facts from which it may be inferred that the Sakellis had a direct role in hiring, supervising, and firing employees of

Fratelli's Italian Restaurant, ECF 23 ¶¶ 7, 15, 16; that the Sakellis have significant financial interests in the restaurant, as owners of Karpathoes, Inc., ECF 23 ¶¶ 5, 7; and that they exercised control over conditions and terms of plaintiffs' employment, ECF 23 ¶¶ 15, 16.  Thus, plaintiffs have alleged facts sufficient to state a claim that the Sakellis were each "employers" within the meaning of the FSLA and the MWHL.  *See Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 417 (D. Md. 2013) (holding father and son owners of restaurants, with generally alleged powers to "discipline, control work schedules, and set rate and method of pay" for plaintiffs, were plausibly employers under FLSA and MWHL); *Smith*, 2013 WL 3984630, at *7-8 ("Although [plaintiffs'] conclusory allegations warrant little deference, plaintiffs' allegations nevertheless are sufficient to survive a motion to dismiss. … The Individual Defendants are alleged to be managers and executives who exerted significant control over the operations of ACI: the chief executive officer, executive vice president, chief operating officer, chief financial officer, and head of career services.  It is certainly plausible that the Individual Defendants controlled plaintiffs' hours, either directly or indirectly, and that the Individual Defendants controlled the structure of the employment relationship."); *Iraheta*, 2012 WL 5995689, at *4 (finding plausible claim that Denis and Stan Lam — owners of the LLC that owned bakery where plaintiff worked, who allegedly paid plaintiff — were "employers" under FLSA and MWHL); *Pearson*, 2010 WL 4225533, at *4 (plausible claim where defendants allegedly hired plaintiff, paid his salary, controlled his workweek, and denied overtime); *Caseres*, 2012 WL 5250561, at *5 (same).

2.

All three defendants seek dismissal of all four counts in plaintiffs' complaint, for minimum wage and overtime violations, on grounds that plaintiffs have not alleged facts sufficient to state plausible claims for relief.  With some exceptions, both the FLSA and the

MWHL require employers to pay their employees a minimum wage for each hour worked. *See*, *e.g.*, FSLA § 206, L.E. § 3-413. Subject to exceptions not pertinent here, the FLSA requires employers to pay their employees time-and-one half the employee's regular rate of pay for each hour worked over forty in each work week. *See*, *e.g.*, FLSA § 207. Employers bear the burden to prove any exemptions. *See*, *e.g.*, *Desmond v. PNGI Charles Town Gaming, LLC*, 564 F.3d 688, 691-92 (4th Cir. 2009); *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392 (1960).

In support of plaintiffs' allegations that defendants failed to pay overtime as required by FLSA § 207, plaintiffs Ford, Greensfelder, and Trautman allege, in part:

(1) "Plaintiffs were employed by Defendants on various dates and in various workweeks during the three year period prior to filing this Complaint." ECF 23 ¶ 9.

(2) "Defendants engaged in systematic wage theft by regularly cutting the number of hours worked by servers, including [plaintiffs], in processing payroll so that they were not paid for all of the hours which they were required, suffered and/or permitted to work. For example, Defendant George Sakellis instructed a former manager, Rafael Coppola[,] to fraudulently reduce the hours worked by the servers in processing the payroll. As a direct result, [plaintiffs] were not paid overtime for weeks in which they worked more than forty (40) hours per week … ." *Id*. ¶ 14.

(3) Plaintiffs "either regularly or occasionally worked more than 40 hours in a statutory workweek. However, for this work, [plaintiffs] were not paid overtime compensation." *Id*. ¶ 17.

With respect to plaintiffs' claim that defendants failed to pay the minimum wage, as required by FLSA §§ 206, 203(m) and State law, all four plaintiffs allege, *inter alia*:

(1) "As a direct result" of the alleged systematic wage theft described above, plaintiffs "were not paid the required subminimum wage for tipped employees." ECF 23 ¶ 14.

(2) "Although Plaintiff Desmond repeatedly spoke with Defendant George Sakellis about being added to the payroll during her employment so she could be paid for her work, Defendant George Sakellis repeatedly put her off. Following her resignation, Defendant Sakellis wrote Plaintiff Desmond a check for $300.00 which was less than the required minimum wage

($7.25/hour) for all of the hours worked by Plaintiff Desmond.  This was the only payment received by Plaintiff Desmond in connection with her employment." *Id*. ¶ 16.

(3) "Defendants … fail[ed] to inform Plaintiffs Ford, Greensfelder, and Trautman that they were talking a so-called 'tip-credit' against Defendants' minimum wage obligations." *Id*. ¶ 13.

In their Motion, defendants argue that plaintiffs have failed to state a claim for overtime or minimum wage violations.  They maintain that plaintiffs "do not even *allege* the number of hours of overtime they claim to have worked, when those hours were supposedly worked, or the consistency with which those hours were allegedly worked," nor do they "state what they were actually paid, how far below minimum wage they were paid, or what they received in tips." Memo at 16, 17 (emphasis in original).

Defendants aver that they are "not arguing that each Plaintiff is presently required to state the precise number of overtime hours they worked, all before having the opportunity to perform any discovery on these issues."  Memo at 16.  But, they say, "case law in our jurisdiction requires a plaintiff to at least proffer *some approximation* of the number of hours worked."  *Id*. at 17 (emphasis in original).  Defendants cite several cases in their ensuing discussion, Memo at 18-19, only one of which was litigated in the District of Maryland.  *Id*. at 18.  However, that case, *Alexander v. Marriott Int'l, Inc.*, RWT-09-02402, 2011 WL 1231029 (D. Md. Mar. 29, 2011), concerned a claim of employment discrimination and is not persuasive here.  Thus, despite defendants' assertion, defendants have not cited any cases "in our jurisdiction" that support their contention.

In response, with regard to their overtime claims, plaintiffs argue that their allegations must be taken as true and are more than sufficient to survive a motion to dismiss.  Opposition, ECF 29 at 8.  They point to a District of Maryland case on point, *Smith*, *supra*, 2013 WL

3984630, at *7 (considering motion to dismiss, or, in the alternative, for summary judgment).  In

*Smith,* Judge Motz said, *id.*:

> In their affidavits plaintiffs declare that they often worked in excess of forty hours per week but were not provided with overtime compensation.  Despite the vagueness and incertitude of plaintiffs' attestations, the court will not consider summary judgment until plaintiffs have been afforded adequate discovery. Maryland law requires employers such as ACI to maintain employees' time sheets for at least three years, *see* Md. Code Ann., Lab. & Empl. § 3–424, and plaintiffs are entitled to request this information from ACI to confirm whether they worked more than forty hours in any given week.

As to plaintiffs' minimum wage claims, plaintiffs Ford, Greensfelder, and Trautman

contend that FLSA § 203(m) "affirmatively requires employers *to inform* employees" of the

provisions in FLSA § 203(m) and L.E. § 3-419 that permit employers to "pay less than the

minimum wage … to employees who receive tips," and, accordingly, plaintiffs allegations that

they were never informed of this "tip-credit" provision suffice to state a claim.  Opposition at 12-

13.  Plaintiff Desmond submits that her allegation, at ¶ 16 in the Second Amended Complaint, is

sufficient.  Opposition at 11.

As discussed, to survive a motion to dismiss, a complaint need only set forth "enough

factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual

proof of those facts is improbable and ... recovery is very remote and unlikely."  *Twombly*, 550

U.S. at 556.  In other words, the complaint must contain facts sufficient to "state a claim to relief

that is plausible on its face."  *Id.* at 570; *see Iqbal*, 556 U.S. at 684.  In reviewing such a motion,

a court "'must accept as true all of the factual allegations contained in the complaint,'" and must

"'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *E.I. du Pont de*

*Nemours & Co*, 637 F.3d at 440 (citations omitted).

Here, taking all of plaintiffs' factual allegations as true, and drawing all reasonable

inferences in favor of plaintiffs, the complaint readily sets forth claims to relief that are plausible

on their face.  At the very least, Mr. Sakellis allegedly asked one of his former employees, Rafael Coppola, to falsify the time records of other employees, *see* Second Amended Complaint, ECF 23 ¶ 14.  Even if Coppola did not comply, *see* Reply at 4-6, it may reasonably be inferred that Mr. Sakellis found other ways to falsify the time records of employees at Fratelli's Italian Restaurant.  And, if it is true that the time records of employees at the restaurant have been falsified, it may reasonably be inferred that this was done in order to avoid paying employees what they were owed under applicable federal minimum wage and/or overtime laws.

3.

Finally, defendants argue that plaintiffs' claims should be dismissed as "de minimis," Memo at 21-24, and that plaintiffs have not alleged facts sufficient to support the allegation that defendants acted willfully.  Memo at 24-26.  Plaintiffs counter: "Aside from the fact that it is clearly inappropriate to raise an affirmative defense in the context of a 12(b)(6) motion, there is simply no basis for the Court to magically infer that unpaid overtime (and statutory minimum wages) [claims] are de minimis."  Opposition at 9 (footnotes omitted).

As noted, a motion to dismiss under Rule 12(b)(6) typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Edwards*, 178 F.3d at 243, unless such a defense can be resolved on the basis of the facts alleged in the complaint. *See Goodman*, 494 F.3d at 464.  "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear [ ] *on the face of the complaint*,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6).  *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*).

Defendants describe their "de minimis" argument as a "defense." They state: "Claims under the FLSA and [State law] are *subject to the defense* that the uncompensated time was *de minim[i]s … .*" Memo at 22 (emphasis added). And, defendants argue that plaintiffs have not "provide[d] even a rough approximation of how may overtime hours they are claiming," *id.*, or "what hourly rate they allegedly received." *Id.* at 23. Accordingly, it is far from clear "on the face of the complaint" that plaintiffs' claims are de minimis, given that plaintiffs do not specify how much they are claiming.

Similarly, defendants' argument that plaintiffs have not sufficiently pled facts indicating that defendants acted "willfully" is misplaced because the question of whether defendants' alleged violations were "willful" is not an element of plaintiffs' claims. Rather, plaintiffs' allegation merely anticipates a limitations defense that defendants may raise. As defendants explain, the allegation is relevant because "it impacts the length of the appropriate limitations period and can impact the computation of unpaid compensation owed under the FLSA." Memo at 25. Under the FLSA, and generally, "a statute of limitations defense, as asserted by defendants, should be pleaded as an affirmative defense." *Marshall v. Gerwill, Inc.*, 495 F. Supp. 744, 755 n.11 (D. Md. 1980); *see McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988) (noting that, under FLSA, respondent "pleaded the 2-year statute of limitations" as "an affirmative defense" and continuing to consider question of whether defendants acted "willfully"); *accord, e.g., Harvey v. AB Electrolux*, 9 F. Supp. 3d 950, 957 (N.D. Iowa 2014). Thus, at this stage, defendants' argument as to willfulness is premature, because plaintiffs do not need to allege specific facts supporting their allegation that defendants willfully violated the FLSA.

**Conclusion**

For the foregoing reasons, I will deny defendants' Motion (ECF 25).  A separate Order follows, consistent with the Memorandum Opinion.


Date: November 20, 2014                                     _____/s/_____
                                                                          Ellen Lipton Hollander
                                                                          United States District Judge